IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-047 |
| | ) | |
| SHAWANDA CUYLER | ) | |

—————

**O R D E R**

—————

Before the Court is Defendant's unopposed motion for a mental evaluation pursuant to 18 U.S.C. §§ 4241 and 4242, to determine Defendant's competency to stand trial. Upon consideration, the Court **GRANTS** the request and **ORDERS** a psychiatric evaluation of Defendant.

Because Defendant is not being detained, a custodial evaluation by the Attorney General is inappropriate. The Court *may* commit a defendant for up to thirty days to the custody of the Attorney General for an evaluation at a BOP facility, but a custodial evaluation is not required. See 18 U.S.C. § 4247(b). Given Defendant is not being detained and a lengthy observation period is likely not required, a noncustodial evaluation is more appropriate, and the Court will appoint a local expert to conduct Defendant's evaluation as set forth in further detail below. See id.

Within fourteen days of this Order, defense counsel should nominate a licensed or certified psychiatrist or clinical psychologist by a filing that attaches the nominee's resume or CV. See id. (requiring a "licensed or certified psychiatrist or psychologist"). The Court will then appoint an examiner to conduct the evaluation, set a time period within which

Defendant must submit to be examined, and outline the parameters of the evaluation and the necessary contents of the report. Once the evaluation is completed, the evaluator will be responsible for submitting the report to the Court, upon receipt of which the Court will file the report under seal and schedule a competency hearing under 18 U.S.C. § 4247(d). Under the Guide to Judiciary Policy § 320.20.60, financial responsibility for the mental evaluation will be the responsibility of the Department of Justice and all invoices must be submitted to the U.S. Attorney.

**IT IS FURTHER ORDERED** the period of time required for appointment of the examiner, testing and evaluation of Defendant, and preparation of the written report, is excludable from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(l)(A).

SO ORDERED this 15th day of November, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA